**Elvin COCHRAN, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

Civ. A. No. 84–350.

United States District Court, W.D. Pennsylvania.

June 26, 1984.

of September 12, 1976. These benefits were terminated as of March, 1983, following a determination by the Social Security Administrator that Cochran was able to engage in gainful activity. A hearing was held before an Administrative Law Judge (ALJ) on June 15, 1983. On July 15, 1983, the ALJ affirmed the termination as did the Appeals Council on December 16, 1983 making it a final decision of the Secretary. This appeal followed.

At a press conference held April 13, 1984, the Secretary of Health and Human Services ordered a suspension of the disability review process pending implementation of anticipated new disability legislation. The Secretary further ordered that the Social Security Administration continue benefit payments to all benefit recipients who had been notified of termination, but whose administration appeals have yet to be completed. We recognize that the Secretary limited the scope of her suspension order to newly-initiated disability reviews or those administrative appeals still pending. Nevertheless, in light of the Secretary's change in policy with respect to benefit eligibility of recipients facing termination, and in the interest of an even-handed approach to the problem of continuing eligibility for such benefits, we feel compelled to take action similar to that of the Secretary with regard to those appeals presently pending in this court. Accordingly, we will remand this termination appeal to the Secretary for substantive reconsideration under such uniform standards as are eventually adopted and applied to all such termination cases. Because the Secretary has ordered the continuation of benefits to all recipients whose administrative appeals have yet to be completed, we further order the reinstatement of benefits from the date of prior termination until such time as the Secretary may conclude based upon uniform standards applicable to all such cases that the payment of benefits should cease.

## MEMORANDUM ORDER

WEBER, District Judge.

The plaintiff, Elvin Cochran, was found to be entitled to social security benefits as

## MEMORANDUM ORDER DISMISSING OBJECTIONS AND CERTIFYING APPEAL UNDER 28 U.S.C. § 1292

In a recent series of cases involving appeals from final agency determinations of

the Secretary of Health and Human Services terminating previously established disability benefit eligibility we have remanded summarily to the Secretary for reconsideration. This action was taken only with respect to those cases where the record showed that the plaintiff had been terminated from a previously established disability status prior to April 13, 1984. This practice was adopted because the Secretary had announced on April 13, 1984 a change in policy for disability review. No doubt the Secretary's action was influenced by the very high rate of reversal or remand in those cases when an appeal was taken to the Federal courts from the agency determination. (See the statistics for the Eastern District of Pennsylvania reported in *Weir v. Heckler, Secretary*, 734 F.2d 955 (3d Cir.1984).

However, on May 22, 1984 a Social Security ruling under Title II and XVI entitled "Temporary Suspension of the Present Periodic Continuing Review Process" announced that while pending cases would be reviewed and benefits continued pending final agency action, this treatment would not be accorded to cases pending in the Federal Courts for review of final agency action *"even if a court has remanded the case for further administrative action."* (emphasis added)

In our remand orders in these cases subsequent to May 22, 1984 we have directed that the Secretary give substantive reconsideration to the case under such uniform standards as are eventually adopted and applied to all such termination cases. Furthermore, because the Secretary ordered the continuation of benefits to all recipients whose administrative appeals have yet to be completed, we further ordered reinstatement of benefits from the date of prior termination until such time as the Secretary may conclude, based on uniform standards applicable to all such cases, that the payment of benefits should cease.

Our rationale was admirably stated by Judge Mencer in *McDaniel v. Heckler, Secretary*, Civil Action No. 83–2714 (W.D.Pa. June 8, 1984), "justice, achieved in this context by fair and human treatment of the disabled would best be served if the Secretary reconsidered her determination of plaintiff's disability benefits in the administrative climate as altered by the policy change."

The policy change of the Secretary has generated a wide variety of disparate responses by members of this court. The Secretary has objected to our order in this case and in related cases of this and other judges of this court.

It is the opinion of this judge that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

NOW, this 3rd day of July, 1984, the objections of the Secretary are DISMISSED, and an appeal is certified under 28 U.S.C. 1292. This certification shall apply also to the following related cases:

Laurence G. Meehan v. Secretary of Health & Human Services

Civil Action No. 84–13 Erie

Veres v. Secretary of Health & Human Services

Civil Action No. 84–48 Erie

Crumbly v. Secretary of Health & Human Services

Civil Action No. 84–78 Erie

Goldinger v. Secretary of Health & Human Services

Civil Action No. 84–137

Joseph Kohl v. Secretary of Health & Human Services

Civil Action No. 84–157