Walden A. DONATI, Plaintiff,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES, Defendant.

David IRELAND, Plaintiff,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES, Defendant.

Robert M. REAGAN, Plaintiff,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES, Defendant.

Joseph E. HEGADUS, Plaintiff,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES, Defendant.

Civ. A. Nos. 83–749, 83–1189,
83–1523 and 83–1733.

United States District Court,
W.D. Pennsylvania.

July 11, 1984.

MEMORANDUM ORDER

WEBER, District Judge.

The above cases were referred to Magistrate Ila Jeanne Sensenich for report and recommendation. They are ORDERED transferred to me for disposition.

Each case fits the pattern which has caused me to remand to the Secretary with orders to review under the new standards announced April 13, 1984 and to restore benefits from the date of termination, despite the Secretary's policy announcement of May 22, 1984 that the policy would not apply to cases remanded by the Federal Courts. The reason for my actions was set forth in Memorandum Orders dated June 26, 1984 and July 3, 1984 in *Cochran v. Secretary of Health and Human Services,* 589 F.Supp. 621.

Each of the above cases is hereby REMANDED to the Secretary for review in accordance with the new standards announced by the Secretary, April 13, 1984, and benefits are ORDERED restored from the date of termination until the final adjudication after such review.

For the reasons set forth in my Memorandum Orders cited above, I hereby CERTIFY that this Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation in accordance with 28 U.S.C. 1292(b).

I do this without being fully aware of the scope of the class action order of Judge Barry in the District of New Jersey reported in the newspapers on July 10, 1984, to the same effect.